JOHN T. AND JUDY R. ELLIOTT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Elliott v. Commissioner
Docket No. 19125-88
United States Tax Court
T.C. Memo 1990-257; 1990 Tax Ct. Memo LEXIS 276; 59 T.C.M. (CCH) 678; T.C.M. (RIA) 90257; May 29, 1990, Filed Richard Rodriguez-Ivanhoe, for the petitioners. Elizabeth L. Groenewegen, for the respondent. PAJAK, Special Trial Judge
PAJAK
*934 MEMORANDUM OPINION This case was assigned pursuant to the provisions of section 7443A(b) and Rule 180 et seq. (All section numbers refer to the Internal Revenue Code in effect at the time of the issuance of the statutory notice (April 13, 1988). All rule numbers refer to the Tax Court Rules of Practice and Procedure.) This matter came before this Court on respondent's Motion to Dismiss for Lack of Jurisdiction. Respondent determined a deficiency in Federal income tax due from petitioners for 1984 in 2 the amount of $ 2,918.00 and additions to tax under sections 6651(a)(1), 6653(a)(1), and 6653(a)(2) in the amounts of $ 218.80, $ 145.90, and 50% of the interest due on the $ 2,918.00 underpayment due to negligence, respectively. Respondent mailed the statutory notice of deficiency for 1984 to petitioners on April 13, 1988. The 90-day statutory period for filing a petition in this Court under section 6213(a) expired on July 12, 1988, which date was not a legal holiday in *278 the District of Columbia. Ten days after the due date, petitioners filed their petition with this Court on July 22, 1988. Sometime in July 1988, the petition was mailed by third-class mail in an envelope marked "3rd Class". The Postal Operations Manual provided that a postmark is to be omitted on third-class mail if the envelope contained the return address of the mailing office. The envelope in which the petition was mailed contained petitioners' attorney's return address, and there is no postmark on that envelope. Respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that petitioners' petition was not timely filed under sections 6213(a) and 7502. Petitioners filed an Objection to the motion and respondent filed a Response to that Objection. A hearing was held on respondent's motion. A petition for redetermination of a deficiency must generally be filed with this Court within 90 days after the 3 notice of deficiency is mailed to the taxpayer. Sec. 6213(a). If a taxpayer fails to file within the statutory period, the petition must be dismissed for lack of jurisdiction. . If a petition *279 is received after the 90-day period, the petition is deemed filed when mailed if the requirements of section 7502 are satisfied. . Under section 7502(a), if the envelope containing the petition bears a postmark made by the United States Postal Service, if the date of such postmark falls within the 90-day period, and if the other requirements of section 7502 are satisfied, then the otherwise untimely petition will be deemed timely filed. When there is an illegible postmark or the postmark was inadvertently left off, a taxpayer may submit evidence to show that, in fact, the petition was timely mailed. . To obtain the benefits of section 7502, a taxpayer has the burden of proof to establish timely mailing. Sec. 301.7502-1(c)(1)(iii)(a), *935 Proc . and Admin. Regs.; . The risk that the envelope containing the petition is not postmarked on or before the last date for filing may be avoided by the use of registered mail or certified mail. *280 The date of registration or the date on the sender's receipt for certified mail is treated as the postmark date. In the case of certified mail, that receipt must be postmarked by the employee to whom the envelope is presented. Sec. 7502(c); sec. 301.7502-1(c)(2), Proced. and Admin. Regs.; , affd. . In this case, petitioners' petition was not mailed under one of these methods. Instead, petitioners' petition was mailed by third class mail in a manner which ensured that the envelope containing the petition would not be postmarked. The Ninth Circuit (to which an appeal in this case would lie) has stated:
The statute and regulations are concerned with risks created by an insistence that the postal service be used as a validating authority, not with risks independently created by a taxpayer's choice of agents to handle his petition before it is entrusted to post office employees. , affg. per curiam a Memorandum Opinion of this Court. [1]
*281 Respondent argued that petitioners did not come within the scope of section 7502. Under the facts of this case, we need not reach that question because petitioners did not prove when their petition was mailed. Petitioners' attorney prepared the petition and allegedly was in charge of its mailing. Neither his testimony nor any other evidence in the record established when, from where, or by whom the petition was mailed. There is no question but that the petition was filed ten days late. Accordingly, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. .↩